# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD SANDUSKY,** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:22-500 |
| v. | : | (MANNION, D.J.) |
| | : | (SAPORITO, M.J.) |
| **MELISSA HAINSWORTH,** *et al.*, | : | |
| Respondents | : | |

## MEMORANDUM

Presently before the court is the April 7, 2022 Report and Recommendation ("Report") of Magistrate Judge Joseph F. Saporito,[1] (Doc. 2), which recommends that the petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254, (Doc. 1), filed through counsel by petitioner Gerald Sandusky be summarily dismissed without prejudice for lack of jurisdiction.

---

[1] Counsel misidentifies Magistrate Judge Saporito as "the Magistrate" on multiple occasions in his filing. The title "magistrate" has not existed in the U.S. Courts for over 30 years, having been changed from "magistrate" to "magistrate judge" in 1990. (*see* Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321 (1990), "After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). Counsel is reminded to use the correct title in the future, when referring to Judge Saporito or any other United States Magistrate Judge.

Specifically, the Report finds that even though the petitioner is in custody in a state correctional institution, SCI Laurel Highlands, awaiting to be resentenced in Centre County Court for his June 22, 2012 convictions of 45 counts relating to the sexual abuse of young boys, he is not yet in custody pursuant to a state court judgment of sentence and the court lacks jurisdiction over his habeas petition. See Commonwealth v. Gerald Sandusky, Docket Nos. CP-14-CR-0002421-2011, CP-14-CR-0002422-2011 (C.C.P. Centre County).[2] The Report indicates that since no final judgment of sentence has been imposed in the petitioner's state court criminal case regarding his conviction, his habeas petition is premature. The Report also finds that there is no need to stay the petitioner's habeas petition and hold it in abeyance until he is resentenced since the AEDPA's one-year statute of limitations for a §2254 petition will not start to run until his sentence has become final after his resentencing.

Although the petition was served on respondents by the petitioner, the court has not yet issued a show cause order and, to date, respondents have

---

[2]The court takes judicial notice of petitioner's Centre County Court Criminal Dockets which indicate that he has not yet had his resentencing hearing in state court regarding his stated convictions after the Pennsylvania Superior Court, on May 13, 2021, affirmed the petitioner's judgment of sentence in part, and vacated it in part, remanding the case for further resentencing. Commonwealth v. Sandusky, 256 A.3d 27, 2021 WL 1924157, at *6 (Pa. Super. Ct. 2021) (unpublished table decision). See http://www.pacourts.us/courts/courts-of-common-pleas/docket-sheets.

not responded to the petition. On April 20, 2022, the petitioner filed objections to the Report. (Doc. 4).

For the following reasons, the Report, (Doc. 2), will be **ADOPTED IN PART**, to the extent that it finds the court lacks jurisdiction over the petitioner's habeas petition, (Doc. 1), challenging his conviction. The petitioner's objections, (Doc. 4), will be **OVERRULED IN PART**, regarding the jurisdictional issue, and **SUSTAINED IN PART**, to the extent the petition requests the court to stay his petition until he is resentenced.[3]

I.     **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

---

[3]Since the Report, (Doc. 2 at 1-3), states the correct background of this case and the petitioner did not object to it, the court does not repeat it herein. *See also* habeas petition, Doc. 1.

- 3 -

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D. Pa. Local Rule 72.3.

II.   DISCUSSION

The Report finds that "[a]lthough Sandusky was originally sentenced and then, following a successful PCRA petition, resentenced to serve a term of 30 to 60 years in prison for his convictions, his most recent sentence was vacated on direct appeal, and he is currently in custody *awaiting* resentencing." As such, the Report concludes that "[b]ecause [the petitioner] is not yet in custody pursuant to a state court judgment of sentence, this Court lacks jurisdiction to adjudicate his §2254 petition." (Doc. 2 at 4-5)

(citations omitted). Thus, the Report recommends that the court dismiss the petitioner's habeas petition without prejudice as premature.

"A federal court has jurisdiction to entertain a petition for a writ of habeas corpus under §2254 only if the petitioner was 'in custody pursuant to the judgment of a State court' when the petition was filed." Johnson v. Waden McDowell FCI, 796 Fed.Appx. 73, 75 (3d Cir. 2019) (citations omitted). "For there to be jurisdiction, the petitioner must be in 'custody' that arises 'pursuant to the judgment of a state court' that is under attack." *Id*. (citation omitted).

There is no question that the petitioner was in state custody when he filed his habeas petition. Nor is there any dispute that petitioner is currently awaiting to be resentenced in Center County Court. However, in his objections, petitioner states that the court should not adopt the Report since he is only going to be resentenced regarding restitution, *see* Commonwealth v. Sandusky, 256 A.3d 27, 2021 WL 1924157, *6 (Pa. Super. filed 5/13/21) ("vacat[ing] that portion of Appellant's criminal sentence at case number 2422-2011 requiring him to pay $95,047.88 in restitution" and stating that "[u]pon remand, the sentencing court shall address any outstanding issues related to the $95,047.88 in restitution"), and that this is "merely a ministerial remand that will not result in any meaningful change in [his] conviction or

- 5 -

sentence from state court." (Doc. 4 at 2). In the alternative, petitioner requests the court to hold his petition in abeyance pending further consideration after he is resentenced in the Centre County Court. Most of the cases to which petitioner cites for support relate to the timeliness of a motion to vacate a federal sentence pursuant to 28 U.S.C. §2255 as opposed to a §2254 habeas petition challenging a state court conviction and sentence. Petitioner also cites to Woodfolk v. Maynard, 857 F.3d 531, 542 (4th Cir. 2017), which pertained to a §2254 petition, but the Fourth Circuit Court's quote upon which he relies was from United States v. Dodson, 291 F.3d 268, 275 (4th Cir. 2002), which pertained to a §2255 motion, and held that "finality is not delayed if an appellate court disposes of all counts in a judgment of conviction but remands for a ministerial purpose that could not result in a valid second appeal." However, in Woodfolk, id., the Fourth Circuit also pointed out that "where the court remands for a resentencing hearing, which 'clearly may supply a defendant with the basis for a nonfrivolous appeal,' the limitations period does not begin to run until the final judgment is entered following that resentencing." The Court in Woodfolk, id., stated, "[t]he majority of our sister circuits to consider the issue have concluded under Burton [v. Stewart, 549 U.S. 147, 156, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007)], that, when a state court defendant has been granted a resentencing,

- 6 -

the limitations period under §2244(d)(1)(A) runs from the judgment entered upon resentencing—even if, as here, the defendant's habeas petition challenges the underlying conviction." The Court, *id*. at 543, then stated that, "when a defendant is resentenced, he or she is confined pursuant to a new judgment even if the adjudication of guilt is undisturbed." (citation omitted).

No doubt that the Superior Court affirmed petitioner's aggregate sentence to a term of 30 to 60 years in prison for his convictions on all 45 counts, that was imposed on November 22, 2019, and this portion of his sentence has not been disturbed. Also, in his habeas petition, petitioner challenges his undisturbed counts of conviction and sentence based on alleged violations of his constitutional rights and ineffective assistance of trial counsel claims. As relief in his petition, petitioner seeks the court to vacate his conviction and sentence, and grant him a new trial. (*See* Doc. 1).

At issue is whether the petitioner's habeas petition is premature since his judgment of sentence is not yet final. The court finds that because the petitioner's has not yet been resentenced by the Centre County Court, his habeas petition regarding his convictions is subject to dismissal for lack of jurisdiction. The petitioner is not "in custody" for purposes of habeas review with respect to a final state court judgment of sentence on his convictions that he is attacking at the time his habeas petition was filed. *See* Woolfolk,

857 F.3d at 542 ("The Supreme Court has … observed that, for purposes of §2244(d)(1)(A), '[f]inal judgment in a criminal case means sentence. The sentence is the judgment.") (quoting Burton, 549 U.S. at 156); United States ex rel. Wojtycha v. Hopkins, 517 F.2d 420, 423 n. 6 (3d Cir. 1975) ("'in custody' jurisdictional requirement is determined as of the date the [application] is filed in the district court"); Harris v. Allen, 683 F.Supp2d 1284, 1289 (M.D. Al. 2010) ("Because [petitioner's] sentence has been reversed and because she is still awaiting re-sentencing, she is not in 'custody pursuant to the judgment of a State court.'"). *See also* Mercer v. Sterling, 2015 WL 1291668, *2 (D. S.C. Jan. 20, 2015) (The court dismissed the habeas petition without prejudice. The court held that "[a]lthough [petitioner] was originally sentenced to death for his murder conviction, his sentence was vacated in his PCR action, and he is currently awaiting resentencing." "[S]ince [petitioner] does not currently have a sentence for that conviction, he is not currently in custody pursuant to a state court judgment on that conviction."); Sandusky v. Hainsworth, 19-CV-1830, M.D. Pa. Feb. 3, 2020 Order) (denying Sandusky's first §2254 habeas petition without prejudice, due to lack of jurisdiction, after all 45 counts of which petitioner was convicted were vacated for resentencing and while he awaited to be resentenced in

the Centre County Court, and declining to hold the petition in abeyance until his resentencing).

Since the petitioner has not yet been resentenced in state court before he filed his present habeas petition, he is clearly not "'in custody' pursuant to the judgment of a State court" regarding the stated counts of conviction and sentence. §2254(a). As in the Harris case, our petitioner is "in custody *pending* a [final] judgment" on his conviction. Harris, 683 F.Supp2d at 1290 (emphasis original). Thus, the court lacks jurisdiction over the petition.

Next, the court considers whether the habeas petition should be stayed and held in abeyance as the petitioner contends in his objections, or whether it should be dismissed without prejudice as the Report recommends. "In Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), the Supreme Court sanctioned the use of the stay-and-abeyance procedure in a context outside that of mixed [habeas] petitions." Heleva v. Brooks, 581 F.3d 187, 191 (3d Cir. 2009). If there is a possibility that a petitioner's Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), statute of limitations will expire, this may constitute good cause to stay his habeas petition and hold it in abeyance as opposed to dismissing it. *See id*.

The Report finds that there is no harm to petitioner with respect to being time barred to file a new habeas petition after he is resentenced if the

court dismisses his habeas petition without prejudice since the "AEDPA allows a state prisoner to wait until both his conviction and his sentence have become final before filing a petition under §2254." (Doc. 2 at 5 n. 1) (quoting Scott v. Hubert, 635 F.3d 659, 667 (5th Cir. 2011)). *See also* 28 U.S.C. §2244(d)(1)(A) (the 1-year AEDPA "limitation period shall run from ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."); Burton v. Stewart, 549 U.S. 147, 156-57 127 S.Ct. 793 (2007) (holding that AEDPA's statute of limitations period does "not begin until both [a] conviction *and* sentence 'become final by the conclusion of direct review or the expiration of the time for seeking such review.'") (emphasis original). The final judgment is the sentence, *see* Burton, 549 U.S. at 156, and since the petitioner has not been resentenced, he does not have a final state judgment with respect to his conviction to attack in his instant petition. "A resentencing, ..., results in a new judgment of conviction for purposes of AEDPA." Smith v. Sect., Florida Dept. of Corrections, 691 Fed.Appx. 555, 556 (11th Cir. 2017).

However, petitioner's statute of limitations for his claims seeking to challenge his undisturbed aggregate sentence of 30 years to 60 years, on his counts of conviction for which he will not be resentenced, may have commenced to run. As in Romansky v. Superintendent Greene SCI, 933 F.3d

293, 300 (3d Cir. 2019), "the Pennsylvania courts imposed separate sentences [on petitioner] for each count and conducted only a 'limited' resentencing." The petitioner seems to indicate that if his petition is re-filed at a later date following a dismissal without prejudice, it might be considered untimely as to his prison sentence that has been affirmed with no resentencing, and thus, he requests that his petition be held in abeyance until his resentencing is complete.

    In Romansky, the Third Circuit found that the resentencing does not constitute a new judgment as to every count of conviction. The Court then held "that Romansky's habeas petition was not timely as to the conspiracy conviction at his 1987 trial because the petition was not filed within one year of the conclusion of his state post-conviction process and because the 2000 resentencing did not impose a new judgment as to the undisturbed counts of conviction (including the conspiracy charge)." Id. at 300-01. Thus, in Romansky, id. at 300, the Court found that "where some but not all counts of conviction are disturbed on appeal or in post-conviction proceedings, the defendant's eventual resentencing is [not] a new judgment as to the undisturbed counts of conviction." As such, it is not clear if the sentence imposed on Sandusky with respect to his restitution after his resentencing

will constitute a new judgment as to his sentence of imprisonment that was not disturbed on appeal. *See* i*d*.

Based on the record before the court, it is not clear if the AEDPA statute of limitations has commenced to run, or has expired, with respect to the petitioner's undisturbed sentence of imprisonment and, it is not clear if the petitioner has exhausted his claims with respect to this part of his sentence which appears to only be at issue in his petition.

Accordingly, based upon the above stated Third Circuit caselaw, and out of an abundance of caution in light of the specific circumstances of this case, the court will grant the petitioner's request to stay his habeas petition and hold it in abeyance until after he is resentenced, and it will not dismiss the petition without prejudice as recommended.[4] In short, petitioner's claims regarding his counts of conviction and his prison sentence may be exhausted even though he is to be resentenced on the restitution that was also imposed as part of his sentence.

---

[4]The court notes that even though the habeas petition will be stayed and held in abeyance until after the petitioner is resentenced, he must still first exhaust in state court all of the claims he wishes to present to the district court regarding his conviction and sentence. *See* 28 U.S.C. §2254(b)(1).

### III. CONCLUSION

In light of the foregoing, Judge Saporito's Report, **(Doc. 2)**, will be **ADOPTED** to the extent that it finds the court lacks jurisdiction over the petitioner's habeas petition, **(Doc. 1)**, challenging his conviction and sentence. Petitioner's objections to the Report, **(Doc. 4)**, will be **OVERRULED IN PART**, and **SUSTAINED IN PART**. The court will **STAY** the habeas petition and hold it in abeyance until the petitioner's resentencing on restitution is complete, and he exhausts his state court remedies regarding his resentencing, if applicable. An appropriate order shall follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 28, 2022**
22-500-01